UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:19CV1477 |
| | : | |
| $10,682.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | September 20, 2019 |
| | : | |
| [CLAIMANT: TALICIA SULLIVAN] | : | |

VERIFIED COMPLAINT OF FORFEITURE

The plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and Julie G. Turbert, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty Maritime and Forfeiture Claims:

NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $10,682.00 in United States currency ("Defendant Currency"), for violation of 21 U.S.C. § 881(a)(6).

THE DEFENDANT IN REM

2. The defendant consists of the following: $10,682.00 in United States currency. The $10,682.00 was seized from Tyshaun Shivers in Meriden, Connecticut on April 16, 2019. The Defendant Currency is presently in the custody of United States Marshals Service.

3. On June 24, 2019, Talicia Sullivan ("Claimant") submitted a claim of ownership to the Defendant Currency.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. 1355(b). Upon the filing of this verified complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## SEIZURE OF $10,682.00 IN UNITED STATES CURRENCY

8. On February 6, 2019, a federal grand jury returned a three-count indictment charging Tyshaun Shivers with possession with intent to distribute and distribution of Fentanyl and distribution of Fentanyl and Oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Federal law enforcement officials were initially unable to execute the warrant because they could not locate Shivers. At that time, Shivers was declared a fugitive.

9. The Indictment charges Shivers with possession with intent to distribute a mixture and substance containing a detectable amount of Fentanyl on or about February 8, 2018, and possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl and a mixture and substance containing a detectable amount of Oxycodone on or about February 28 and on or about March 20, 2018.

10. During the week of April 7, 2019, law enforcement received information that Tyshaun Shivers was residing in an apartment at 525 Crown Street in Meriden, Connecticut. Shivers was observed driving a blue Audi A6 registered in the name of his girlfriend, Talicia Sullivan.

11. On April 16, 2019, law enforcement executed a federal arrest warrant for the arrest of Tyshaun Shivers pursuant to an Indictment charging him with three counts of possession with intent to distribute Fentanyl and Oxycodone. When the officers arrived, they knocked on the apartment door and announced, "police with a warrant." Male voices were heard saying, "one minute." After several seconds with no response, the officers knocked and announced again, "police with a warrant." At that time, the officers heard the sound of a toilet flushing inside the apartment.

12. When the officers heard the sound of a toilet flushing, they suspected the destruction of potential evidence. At that time, the officers forced entry into the apartment. The officers observed Shivers walking away from the direction of the bathroom. Shivers was handcuffed and placed under arrest. Incident to the arrest, Shivers was searched and seated on the living room couch while investigators cleared the remainder of the apartment.

13. Upon clearing the remainder of the apartment, law enforcement officer located Shivers' girlfriend, Talicia Sullivan, in the bathroom with their young toddler child. Sullivan denied flushing any contraband down the toilet and stated she was going to the bathroom when the police entered the apartment.

14. Shivers was advised of his rights and he stated that there was no contraband in the apartment. Shivers signed a consent to search granting consent to law enforcement to search the apartment and his cellular phone. During the search, the officers found two bundles of cash tied together with rubber bands inside the child's bedroom. The money was located inside a child's sleeper style pajama inside a baby's crib. It was determined later that the cash found in the child's sleeper pajama in the crib totaled $10,682.00. Shivers told law enforcement that the money belonged to Sullivan and that it was from her income tax refund.

15. Also discovered inside the child's bedroom closet was an unlocked safe that contained a Glock 19 handgun. Shivers stated that the firearm belonged to his girlfriend, Talicia Sullivan, who is a legal gun owner and employed as a bail enforcement agent. Law enforcement confirmed that the firearm is legally registered to Sullivan.

16. Pursuant to Shivers consent to search his cellular phone, law enforcement discovered over 1,500 SMS messages ranging from May 15, 2018 to April 16, 2019 which

pertain to illegal drug transactions. For example, the day before Shivers was arrested, there was the following text conversation between Shivers and "6 Dave:"

| | |
|---|---|
| 6 Dave: | Need 2b and 3 when u get back |
| 6 Dave: | When u think u be back here bro? |
| SHIVERS: | 20 min |
| 6 Dave: | You want me to go to brains |
| SHIVERS: | he not there i had to cook it at my other spot |
| 6 Dave: | Yo need more har way |

17.  Based upon law enforcement's training and experience, "2b" is code for two bundles of heroin and "3" refers to crack cocaine. Shivers text about having to "cook it at my other spot" refers to cooking cocaine into crack cocaine. "6 Dave" says he needs "more har," which appears to be code for needing more "hard" or crack cocaine.

18.  The analysis of the phone also revealed photographs of large quantities of cash. There are photos and videos of Shivers laying large amounts of cash out on a table as well as holding stacks of money while inside a vehicle, and multiple photos of large stacks of currency inside a plastic shopping bag. The manner in which the cash was bundled is consistent with the manner in which illegal drug proceeds are bundled.

19.  On August 8, 2019, Tyshaun Shivers executed a Petition to Enter Plea of Guilty as to Counts One, Two, and Three of the Indictment. At the time the Plea was entered, Shivers also executed a handwritten statement admitting that he possessed a controlled substance, knew it was a controlled substance, and distributed the controlled substance on February 8, 28, and

5

March 20, 2018. Shivers is scheduled to be sentenced on October 29, 2019. *See United States v. Tyshaun Shivers*, Criminal No. 3:19CR34 (RNC), Doc. 30 at 12.

## CONCLUSION

20.     The Defendant Currency was seized by the Drug Enforcement Administration on June 24, 2019 because it constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for the Defendant, $10,682.00 in United States currency, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for

disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                Respectfully submitted,

                JOHN H. DURHAM
                UNITED STATES ATTORNEY

                */s/ John B. Hughes*
                JOHN B. HUGHES
                ASSISTANT U.S. ATTORNEY
                CHIEF, CIVIL DIVISION

                */s/ Julie G. Turbert*
                JULIE G. TURBERT
                ASSISTANT U.S. ATTORNEY
                ATTORNEY BAR # ct23398
                157 CHURCH STREET
                NEW HAVEN, CT   06510
                TELEPHONE: (203) 821-3700
                FAX: (203) 773-5373
                EMAIL:   Julie.Turbert@usdoj.gov

## DECLARATION

I am a Task Force Officer with the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of September, 2019.

```
                              /s/ James M. Lugo
                         JAMES M. LUGO
                         SPECIAL AGENT
                         DRUG ENFORCEMENT ADMINISTRATION
```